MILLER ET AL. *v.* THE FOREST CITY MOTOR CO.

*Judgments—Res adjudicata—Damages for misrepresentation barred by defense of fraud in former action—Record of former case inadmissible as conclusive proof of fraud— Proof of knowledge necessary to sustain claim of deceit.*

1. Where purchasers of automobile when sued for price set up vendor's misrepresentation, but did not sue for damages, and findings therein were that they relied on misrepresentations, in their action against vendor for misrepresentation, since proof of knowledge of deceit was lacking in former case, record thereof was inadmissible in instant action as conclusive proof of fraud.

2. To sustain claim of deceit knowledge of guilt must be proved.

3. An issue once adjudicated becomes proof, and it is unnecessary to readjudicate it if in litigation there are same parties, same transaction, and identical issues.

4. Where in former action between same parties issue of damages for fraud in misrepresentation of automobile was adjudicated, it cannot be adjudicated affirmatively in subsequent action by defendant for damages for plaintiffs' misrepresentation.

(Decided October 25, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. R. E. Roehm,* for plaintiffs in error.
*Messrs. Quigley & Byrnes,* for defendant in error.

SULLIVAN, J. In order to decide the question in the instant case it is necessary to take a brief review of prior litigation between the same parties concerning substantially the same subject-matter.

On June 27, 1924, the defendant in error, the Forest City Motor Company, sued Stephen D.

Miller and Sophia Miller in the municipal court for the recovery of a balance due on a trade acceptance issued for the purchase of an automobile. In October, 1924, the Millers filed a statement of defense setting forth three different grounds: First, they denied that they had failed to pay the amount sued for; second, they alleged misrepresentation as to the automobile sold, and averred that the automobile in question would have been worth more than the price sued upon had the statements alleged to have been made been true; and, third, they claimed that the automobile had been replevined by the Morris Plan Bank, and thereafter sold, and that its value was in excess of the trade acceptance.

This action was tried November 11, 1924, and a verdict rendered in favor of the defendants, and special findings were made as follows:

(1) "Did the plaintiff through its agent represent the automobile described in the statement of defense in this case had been a privately owned automobile and not a livery car? Answer: Yes."

(2) "If the jury finds that the representation that said automobile was a privately owned automobile, and not a livery car, was made by the plaintiff through its agent to the defendants, did the defendants rely upon the truth of such representation when they signed the trade acceptance upon which the plaintiff has brought suit? Answer: Yes."

(3) "Did the plaintiff, through its agent, represent to the defendants that said automobile referred to in the statement of defense was a 1920 model? Answer: Yes."

(4) "If the jury finds that the plaintiff made

the representations that said automobile was a 1920 model, did the defendants rely upon the truth of such representations when they signed the trade acceptance? Answer: Yes."

A motion for a new trial was overruled, no error has been prosecuted to the judgment of the municipal court, and therefore it is final.

Now, coming to the instant case, on July 28, 1925, the Millers brought suit against the Forest City Motor Company for damages by reason of misrepresentations in the sale of the above automobile. In the prior case the Millers had set up fraud, but did not sue for damages. This fact must be kept in mind. To the statement of misrepresentation a statement of defense was filed by the Forest City Motor Company, setting forth a written contract and denying fraud, and a second defense set forth that the entire controversy had been litigated and that the principle of *res adjudicata* applied. A reply was filed denying this claim, but averring that all the facts necessary to establish plaintiffs' cause of action, except their damage, had been adjudicated in their favor. This situation brings us to the pending assignments of error.

It is claimed that the court erred in refusing to submit to the jury the pleadings, record, and judgment in the former case as conclusive proof of fraud, for which they are seeking to recover damages in the case at bar. The court rejected this offer of proof, and exceptions were duly taken. The petition in the instant case is one for the recovery of damages by reason of deceit. Essentially this means that the charge of deceit must be proven,

and in order to do so knowledge of the guilt must be proven in order to sustain the claim.

It will be observed that in the proof of the record, the judgment of which was rejected, there was absent the essential element of any proof of knowledge, which is necessary to the instant action of deceit, and therefore, while the parties in both cases are the same and the transaction is identical, yet the character of the issues are not identical.

It is a well-settled proposition that an issue once adjudicated becomes proof, and that it is unnecessary and impossible to readjudicate the issue if in the litigation there are the same parties, the same transaction, and the same identical issues; but it cannot be said that where there is a simple defense, on the ground of fraud, especially where damages are not claimed, as in the prior case, there is legal identity with a case like the one at bar, where approximately there is an action for deceit which obligates a necessity upon the plaintiff to show knowledge. In this essential respect we think that the proof rejected in the instant case was not conclusive to establish deceit in the instant case, and are of the opinion, therefore, that the court did not err in rejecting the evidence of the pleadings, the record, and the judgment of the former suit. We think that the ordinary rules of procedure as to evidence should have been followed.

However, there is another serious question which must be considered, to-wit, the question of *res adjudicata*. In the original case the issues were made up and tried upon the theory that the amount sued upon was the equivalent to the amount recoverable in damages by reason of fraud. That no cross-

claim was filed in the original suit is not material, because in the future suit the plaintiff would only be bound by his defenses, but when the nature of the issue under the pleadings in the former case clearly establishes the fact that the issue of damages for fraud was adjudicated, then it must follow that it cannot be adjudicated affirmatively, as is attempted in the case at bar.   It has frequently been held that when issues are tried all material questions concerning the transaction are adjudicated.   It has even been held, where claims and defenses are not expressly interposed, that, if they arise out of the transaction, they are adjudicated the same as if they were expressly raised as issues in the pleadings.

In the instant case, however, it is clear that there was submitted to the judge of the court in the prior case the question whether the amount sued upon was equivalent to the damage done by fraud, and when there was a failure of recovery it seems conclusive that the situation gave rise to the principle of *res adjudicata* of damages by reason of the fraud.

Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

LEVINE, P. J., and VICKERY, J., concur.